J-S56024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD CLARK | |
| Appellant | No. 2411 EDA 2016 |

Appeal from the Judgment of Sentence March 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008763-2014

BEFORE:  BOWES, STABILE, and PLATT, [*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 30, 2017**

Appellant, Edward Clark, appeals from the March 4, 2016 judgment of

sentence entered in the Court of Common Pleas of Philadelphia County ("trial

court") sentencing him to three years of probation for possession with intent

to deliver a controlled substance.  Upon review, we affirm.

The trial court summarized the factual situation as follows.

Officer Jeffrey Stauffer testified during a bench trial that on July
11, 2014 at 8:00 p.m. he witnessed [Appellant] attempting to
complete a drug transaction.  An unknown white female handed
[Appellant] cash after which [Appellant] attempted to retrieve
something from the soda can he was holding.  As officers were
approaching, [Appellant] looked in their direction and then ducked
behind a car.  [Appellant] dropped the soda can underneath the
car and walked away.  While he was walking, [Appellant] threw a
silver lid over several parked cars into the middle of the street.
The officers retrieved the soda can and examined it.  Inside the
can was a pill bottle containing 43 clear glass vials with green caps

_____

[*] Retired Senior Judge assigned to the Superior Court.

all containing cocaine. [Appellant] was arrested. The recovered lid screwed onto the can.

Trial Court Opinion, 12/15/16, at 1 (citations to the record omitted).

Following a bench trial on December 8, 2015, Appellant was convicted of possession with intent to deliver a controlled substance. The trial court sentenced Appellant on March 4, 2016. On March 11, 2016, Appellant filed a post-sentence motion, which was denied by operation of law on July 13, 2016. Appellant filed a timely notice of appeal and a concise statement of errors complained of on appeal. The trial court issued a Pa.R.A.P. 1925(a) opinion on December 19, 2016.

Appellant raises one issue for our review, which we repeat verbatim.

I. Was not [A]ppellant denied his right to a fair trial when [A]ppellant testified about his character trait for being law-abiding, and the lower court then permitted the Commonwealth to cross-examine [A]ppellant over objection, about his juvenile arrests which did not result in a conviction?

Appellant's Brief at 3.

Appellant challenges an evidentiary ruling. Specifically, Appellant challenges the trial court permitting impeachment of Appellant's testimony regarding his character trait of law-abidingness with evidence of a previous juvenile adjudication. "The admissibility of evidence is at the discretion of the trial court and only showing an abuse of discretion, and resulting prejudice, constitutes reversible error." *Commonwealth v. Kuder*, 62 A.3d 1038, 1053 (Pa. Super. 2013) (quoting *Commonwealth v. Glass*, 50 A.3d 720, 724-25 (Pa. Super. 2012) (additional citations omitted)). However, "[i]ssues not

raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. At trial the following exchange occurred between the Commonwealth and Appellant.

Q. Do you have any way to validate what you said, that people spoke about you being law-abiding and the referrals to other jobs?

A. I would say just my record.

Q. Your record?

A. Yeah.

Q. What record is that?

A. The record that I had. No record of me doing anything wrong.

Q. Are you talking about your criminal record, sir?

A. Right.

Q. Did you present your criminal record to employers?

Mr. Hasiuk: Objection.

Mr. Wilkoff: Your Honor, he's opened the door at this point.

Mr. Hasiuk He's testifying to a lack of criminal history. I don't see how that's opening the door to anything the Commonwealth is attempting to question him about.

Mr. Wilkoff: Your Honor, because he raised this issue, I now get to impeach him as to his criminal record.

Mr. Hasiuk: Which he does not have.

The Court: Overruled

By Mr. Wikloff:

Q. Did you bring your criminal record around?

A. I don't have a criminal record.

Q. Sir, were you not arrested in 2007?

- 3 -

A. 2007? I don't –oh yeah. I was arrested, but it was for –it was mistaken identity. The case got thrown away because of mistaken identity.

Q. Was that the drug dealing case or the robbery case in 2007?

A. The robbery case.

Q. And how about the drug dealing case?

A. That was – I served five years' probation for that case.

Q. I thought you just told this Court you had no criminal record.

A. As an adult, I was a juvenile, sir.

N.T. Trial (Waiver), 12/8/15, at 45-46. While Appellant objected to the question regarding Appellant showing his criminal record to his employer, Appellant failed to object to the Commonwealth's inquiry regarding the 2007 arrests. Thus, Appellant has failed to preserve this issue for appeal and the claim is waived. *See* Pa.R.A.P. 302.

Even if Appellant's claim was not waived, it is meritless. Appellant argues that the inquiry by the Commonwealth regarding Appellant's juvenile adjudication violates Pa.R.E. 405(a)(2) because an adjudication is not a conviction. Rule 405(a)(2) provides that "[i]n a criminal case, on cross-examination of a character witness, inquiry into allegations of other criminal conduct by the defendant, not resulting in conviction, is not permissible." Pa.R.E. 405(a)(2). While Appellant is correct that a delinquent adjudication is not considered a conviction under Section 6354(a) of the Juvenile Act, 42 Pa.C.S.A. § 6354(a), Appellant fails to acknowledge that Section 6354(b)(4) of that Act also provides that "the disposition of a child under this chapter may

only be used against him . . . in a criminal proceeding, if the child was adjudicated delinquent for an offense, the evidence of which would be admissible if committed by an adult." ***Id.*** Instantly, Appellant, while a juvenile, was adjudicated and served five years of probation in connection with a drug dealing case. The Commonwealth used the fact of this adjudication to impeach Appellant's testimony that he did not have a criminal record. Clearly, had Appellant committed this drug offense as an adult, it would have been admissible for impeachment purposes to rebut his testimony that he did not have a criminal record. Section 6354(b)(4) allows a juvenile adjudication to be used for impeachment purposes. ***Commonwealth v. Hannibal***, 156 A.3d 197, 211 (Pa. 2016). Thus, as the evidence of the adjudication would be admissible for impeachment purposes in the trial *sub judice*, the trial court did not abuse its discretion when it permitted the Commonwealth to cross-examine Appellant regarding his juvenile adjudication.

Furthermore, even if the evidence was improperly admitted, the trial court, sitting as the fact-finder, "would have reached the same ruling even if it had not allowed [Appellant] to be cross-examined about his juvenile arrest." Trial Court Opinion, 12/14/16, at 5; ***see also Commonwealth v. Gribble***, 863 A.2d 455, 462 (Pa. 2004) ("judge sitting as fact finder is presumed to disregard inadmissible evidence and consider only competent evidence.") (citing ***Commonwealth v. Fears***, 836 A.2d 52, 71 n. 19 (Pa. 2003)). Thus, we find that Appellant's claim fails.

Judgment of sentenced affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2017